UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL J. DICENZO,<br>    Plaintiff | )<br>)<br>) |
| v. | ) Case No. 3:15-cv-30152-MGM<br>) |
| MASSACHUSETTS DEPARTMENT OF<br>CORRECTION, et al.<br>    Defendants | )<br>)<br>) |

MEMORANDUM AND ORDER REGARDING DEFENDANT MASSACHUSETTS
PARTNERSHIP FOR CORRECTIONAL HEALTHCARE'S MOTION TO STAY
DISCOVERY AND DEFENDANT MASSACHUSETTS DEPARTMENT OF
CORRECTION'S CROSS MOTION FOR A PROTECTIVE ORDER AND MOTION TO
STAY DISCOVERY AND PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT
DEPOSITIONS AND MOTIONS TO COMPEL DISCOVERY
(Dkt. Nos. 28, 30, 33, 35, 36, 43)
January 13, 2016

Robertson, M.J.

I.   INTRODUCTION

Referred to this court for decision are:  (1) motions of Defendants Massachusetts Department of Correction ("DOC") and Massachusetts Partnership for Correctional Healthcare ("MPCH") (collectively, "Defendants") to stay discovery until the resolution of their separately pending motions to dismiss under Fed. R. Civ. P. 12(b)(6); and (2) motions of Plaintiff to take depositions and to compel discovery.  For the reasons stated below, Defendants' motions to stay discovery are GRANTED, and Plaintiff's discovery motions are DENIED without prejudice, pending rulings on dispositive motions filed by the parties.

II.   RELEVANT BACKGROUND

On August 25, 2015, Plaintiff, a prisoner, filed this action *pro se* against DOC and MPCH.  Plaintiff claims that he is entitled to relief under Mass. Gen. Laws ch. 258, §4 (Massachusetts Tort Claims Act), Mass. Gen. Laws ch. 249, §4 (action for certiorari review),

1

Mass. Gen. Laws ch. 12, §§11H & 11I (Massachusetts Civil Rights law), 42 U.S.C. §§1983 and 1988, and U. S. Const., amend. VIII based on Defendants' alleged failures to hold a six-month reclassification hearing, to submit his name for enrollment in the Hampden County house of correction "stepdown program," and to provide requested medical treatment (Dkt. No. 1). On September 17, 2015, Plaintiff amended the complaint to reflect that the six-month reclassification hearing was held in July 2015 (Dkt. No. 7).

Both Defendants have moved to dismiss for failure to state a claim (Dkt. Nos. 25, 31). Plaintiff has filed an opposition to DOC's motion (Dkt. No. 29), and a separate motion for summary judgment (Dkt. No. 38).

On December 21, 2015, Plaintiff moved for leave to depose numerous individual employees of state agencies, including, but not limited to, DOC Commissioner Carol Higgins-O'Brien, MPCH Director Dr. Thomas Groblewski, and the agencies' legal counsel (Dkt. No. 28). On December 28, 2015, Plaintiff moved to compel MPCH to produce "all medical and mental health records," and to compel DOC to produce "all documents/ records/ information entered into [DOC's] IMS Database" pertaining to him (Dkt. No. 30). On December 28, 2015, MPCH moved to stay all discovery pertaining to it, pending resolution of its motion to dismiss (Dkt. No. 33). On the same date, DOC opposed Plaintiff's motion to depose DOC officials and moved for a protective order staying all discovery in this matter, pending resolution of its motion to dismiss (Dkt. No. 35). On December 30, 2015, Plaintiff moved to compel DOC to produce the "Objective Classification Operations Training Manual" (Dkt. No. 36), and supplemented his opposition to DOC's motion to dismiss (Dkt. No. 37). Plaintiff moved for summary judgment on the following day (Dkt. No. 38). On January 7, 2016, Plaintiff moved to compel DOC to provide "all [his] GTL phone recordings" at two DOC facilities from June 18, 2014 to the present (Dkt.

No. 43).

### III. STANDARD

The court has broad discretion to stay discovery pending resolution of a motion to dismiss.  *See Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936).  "[F]ederal courts possess the inherent power to stay proceedings for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Intern., Inc.,* 385 F.3d 72, 77 (1st Cir. 2004) (citations omitted).  However, "stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Marquis v. F.D.I.C.,* 965 F.2d 1148, 1155 (1st Cir. 1992).  The moving party bears the burden of showing good cause and reasonableness for a stay of discovery, which is akin to a protective order under Fed. R. Civ. P. 26(c)(1).  *See Pub. Citizen v. Liggett Grp., Inc.,* 858 F.2d 775, 789 (1st Cir. 1988).

### IV. DISCUSSION

All parties have filed dispositive motions, which are currently pending before the court (Dkt. Nos. 25, 31, 38).  At the same time, Plaintiff has filed a number of discovery motions, including a motion to depose approximately twenty high ranking DOC officials, the director of MPCH, and the agencies' legal counsel (Dkt. Nos. 28, 30, 36, 43).  Defendants have adequately demonstrated that responding to Plaintiff's discovery motions will be time consuming and costly. *See* Fed. R. Civ. P. 26(c)(1).  After weighing the parties' competing interests, including the relatively brief delay in Plaintiff's receipt of discovery if Defendants' dispositive motions are denied, the court has determined that good cause exists to stay discovery pending the resolution of the parties' dispositive motions.  *See, e.g., See Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) (holding that a plaintiff is not entitled to discovery prior to the court ruling

on a motion to dismiss for failure to state a claim); *Woods v. City of Chicago*, 234 F.3d 979, 990-91 (7th Cir. 2000) (holding that the district court did not abuse its discretion in ruling on a police officer's motion for summary judgment before granting the plaintiff leave to depose the victim and arresting officers); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (holding that "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined").

    V.    CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that Defendants' motions to stay discovery (Dkt. Nos. 33 and 35) are GRANTED, and Plaintiff's discovery motions (Dkt. Nos. 28, 30, 36, 43) are DENIED without prejudice, pending rulings on the parties' dispositive motions.

So ordered.

                                              /s/ Katherine A. Robertson
                                              KATHERINE A. ROBERTSON
                                              United States Magistrate Judge